Per Curiam.

This court by its prior ruling (276 App. Div. 1010) denying plaintiff relief by way of temporary injunction did not intend to indicate that it found the complaint insufficient. Under the circumstances then existing it seemed the better course to have the action await trial when an appropriate decree might be framed.
The contractual rights contained in the lease were projected into the statutory tenancy to the extent, at least, that they were not in conflict with the public policy expressed in the emergency rent laws. Subdivision (k) of section 8 of those laws applies to the instant tenancy and gives this landlord the right to recover possession of the premises upon receiving a bona fide offer to rent the store for at least $7,500 a year for a ten-year term, subject, however, to the statutory tenant’s right of prior refusal to enter into such a lease on the same basis. We think that the contractual rights to display a “ For Rent ” sign must be held to be enforcible to the extent necessary to further the statutory rights conferred upon the landlord by subdivision (k) of section 8. Before being awarded equitable relief of this nature, the landlord’s application must be made in good faith to accomplish the end provided for by the statute. It follows that the complaint should not have been dismissed for legal insufficiency.
The order appealed from should be reversed, with $20 costs and disbursements to appellant, and defendant’s motion to dismiss the complaint for insufficiency should be denied.